F I L E D
Clerk
District Court

FEB 2 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANDREW K. QUIAMBAO

Defendant.

Case No. CR-04-0002-002
CV-05-0027 06-0004

ORDER DENYING DEFENDANT
QUIAMBAO'S MOTION
UNDER 28 U.S.C. §2255

**THIS MATTER** came before the court on *pro se* defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant articulated two grounds for his motion: (1) the court imposed restitution based on the mandatory nature of the sentencing guidelines in violation of *United States v. Booker*, 543 U.S. 220 (Jan. 12, 2005); and (2) legal counsel was constitutionally ineffective because he failed to object to the amount of restitution imposed, failed to move the court to break down the joint and several payments of each defendant, and failed to move the court to consider the 18 U.S.C. § 3663 factors to determine defendant's ability to pay restitution.

The motion was placed in the prison's internal mail system on January 12, 2006. Accordingly, on its face, defendant's first ground seems timely under 28 U.S.C. § 2255 (3) because it was filed within one year from the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (Jan. 12, 2005). *See* 28 U.S.C. § 2255 (3) (One year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"). However, upon further inspection, the court finds defendant's first ground untimely and unpersuasive because the precedent set in *Booker* does not apply. The plea that defendant Quiambao

agreed to required defendant to "make restitution to Choice Radio, Inc. D/b/a 'iConnect,' and the United States Government in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664." Plea Agreement, No. 22 (Mar. 26, 2004). Therefore, the mandatory nature of the Sentencing Guidelines did not affect the court's decision to require defendant Quiambao to make restitution. Accordingly, because the new precedent in *Booker* does not apply, defendant's first ground is untimely and rejected.

Furthermore, Defendant's second ground is untimely. All of defendant's grievances over ineffective counsel relate to events that fall under 28 U.S.C. § 2255(1) (One year statute of limitations runs from "the date on which the judgment of conviction becomes final[.]). The judgment of conviction, however, became final in 2004.

**ACCORDINGLY, THE COURT**, having considered defendant's first motion under § 2255, **DENYS** defendants' motion as untimely.

**DATED** this 23rd day of February, 2006.

_____
ALEX R. MUNSON
Judge

2